IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JODIE MARIE BASKIN
(a/k/a Jordan Nunley)                                                               PLAINTIFF

v.                         Civil No. 2:24-cv-02095-TLB-MEF

PROSECUTOR KEVIN HOLMES
(Crawford County, Arkansas);
CIRCUIT JUDGE MARC McCUNE
(Crawford County, Arkansas);
DEPUTY PROSECUTOR WILL COSNER
Crawford County, Arkansas);
PUBLIC DEFENDER AARON EDWARDS
(Crawford County, Arkansas)                                                        DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.   BACKGROUND

Plaintiff filed her Complaint on July 30, 2024. (ECF No. 1). She identifies herself as a pretrial detainee. (*Id*. at 2). For her first claim, Plaintiff alleges that she was arrested on April 26, 2024, and Judge McCune increased her bond amount to $75,000, which was unattainable for her family and excessive for the nature of her alleged crime. (*Id*. at 4-5). Plaintiff alleges this was due to her advocating on behalf of Daniel Blasingame in an unidentified matter, which caused

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

"negative contact" between herself, Defendant Holmes, Defendant Cosner, and Defendant Edwards. (*Id*. at 5). Plaintiff names all Defendants for this claim and proceeds against them in their individual capacity. (*Id*. at 4-5).

For her second claim. Plaintiff names Defendants Holmes and Cosner. (ECF No. 1 at 6). She alleges these Defendant questioned her at the jail on April 29, 2024, and told her she would remain incarcerated until she testified against Daniel Blasingame. (*Id*.). Plaintiff alleges this was said in the presence of her public defender, Defendant Edwards. (*Id*.). Defendant Edwards agreed with this, as there was negativity between Edwards and Blasingame after he filed a complaint against Edwards with the Public Defender Commission and "published short stories on [illegible]." (*Id*.). Plaintiff proceeds against Defendants Holmes and Cosner in their official and individual capacities for this claim. (*Id*. at 7). She characterizes the official capacity claim as "the continued use of excessive bond with the express stated purpose of creating duress so as to coerce testimony."

For her third claim, Plaintiff alleges that on May 15, 2024, Defendant Cosner met with her to prepare her for her court testimony against Blasingame. (ECF No. 1 at 8). When she asked about her bond reduction, he told her any hearing or reduction would have to wait until after her testimony and the judge would do what he suggested, which would be an increase in her bond. (*Id*.). Plaintiff proceeds against Defendant Cosner in his official and individual capacity for this claim. (*Id*.). She repeats her statement concerning the use of excessive bond to coerce testimony. (*Id*. at 8-9).

Plaintiff seeks compensatory, punitive, and other damages. (ECF No. 1 at 9). In addition to monetary damages, she seeks to have her bail reduced to a "nonexcessive amount" and would like an investigation looking into the misconduct of the Crawford County prosecutors. (*Id*.).

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

### A. Circuit Judge Marc McCune

Judge Marc McCune, Circuit Court Judge for Division I of the Twenty-First Arkansas Judicial District, is immune from suit. "Few doctrines were more solidly established at common

3

law than the immunity of judges for liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). The Supreme Court "has pronounced and followed this doctrine of the common law for more than a century." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985) (citation omitted). Judicial immunity is only overcome in two narrow situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citations omitted); *see also Bolin v. Story*, 225 F.3d 1134, 1240-42 (11th Cir. 2000) (judicial immunity applies to *Bivens* actions); *Schwartz v. Weinstein*, 459 F.2d 882, 883 (8th Cir. 1972) (judicial immunity applies to actions under 42 U.S.C. § 1985); *Nolan v. Campbell*, 369 F. Supp. 1032 (E.D. Mo. 1974) (judicial immunity applies to actions brought under 42 U.S.C. §§ 1983 & 1981). Plaintiff's factual allegations against Defendant Judge McCune are for actions taken in his judicial capacity. Thus, Defendant McCune is immune from suit.

### B. Crawford County Prosecutors Kevin Holmes and Will Cosner

Plaintiff's claims against Prosecutors Holmes and Cosner must be dismissed because prosecutors are immune from suit. The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id*. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id*. at 430; s*ee also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute

immunity). Here, Plaintiff's factual allegations against the prosecutors are for their actions in acting as an advocate for the state. Thus, Plaintiff's claims against them must be dismissed.

### C. Public Defender Aaron Edwards

Defendant Edwards is identified by Plaintiff as her public defender. Defendant Edwards is not subject to suit under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). Defendant Edwards was not acting under the color of state law while representing Plaintiff in her criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings."). Accordingly, Plaintiff has failed to state cognizable claims under § 1983 against Defendant Edwards.

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of August 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE